RECEIVED
IN LAKE CHARLES, LA.
AUG -6 2013
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAKE M. THURMAN | : | DOCKET NO. 2:12-CV-2426 |
| VS. | : | JUDGE MINALDI |
| LOUISIANA DEPARTMENT OF HEALTH AND HOSPITALS, ET AL | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM ORDER

On June 14, 2013, this court issued a ruling[1] on a Motion to Dismiss filed by the defendants, Dr. Carolos Choucino, the Louisiana Department of Health and Hospitals, and the Louisiana State University Health Care Services Division. The court dismissed the plaintiff's medical malpractice claim without prejudice, finding that the claim was premature because it did not appear that a state medical review panel had reviewed the plaintiff's claims prior to his filing suit.[2] On the plaintiff's Medicaid discrimination claim, the court granted the plaintiff thirty (30) days from the issuance of the opinion to submit a more definite statement.[3]

In response, on July 11, 2013, the plaintiff filed a Motion for Reconsideration[4] (styled as a "Notice of Appeal") of the court's decision, and included a renewed Motion to Appoint Counsel.[5] Magistrate Judge Kay subsequently denied the Motion to Appoint Counsel.[6]

---

[1] Mem. Ruling, [Doc. 22].

[2] *Id.* at pp. 6–7.

[3] *Id.* at pp. 8–9.

[4] Mot. for Reconsideration, [Doc. 24].

[5] Mot. to Appoint Counsel, [Doc. 25].

[6] Electronic Order, [Doc. 26].

1

A district court has considerable discretion to grant or deny a Rule 59(e) motion for reconsideration. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 353 (5th Cir. 1993); *Lakes of Gum Cove Hunting & Fishing, L.L.C. v. Weeks Marine, Inc.*, 182 F. Supp. 2d 537, 545-46 (W.D.La. 2001). Reconsideration, however, "is an extraordinary remedy that should be used sparingly." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004). Thus, to succeed on a Rule 59(e) motion, a party must "clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005); *see also Templet*, 367 F.3d at 479 ("[A]n unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration").

In the plaintiff's Motion for Reconsideration, his one contention about the court's prior opinion is that "at no time was [he] required to follow through with a medical review board" and that he "followed the U.S. Department of Health and Human Services, Office of Civil Rights rules and regulations."[7] These arguments are irrelevant in ascertaining whether the plaintiff followed the proper channels under the Medical Liability for State Services Act, which governs medical malpractice claims against state medical facilities. Accordingly,

**IT IS ORDERED** that the plaintiff's Motion for Reconsideration is **DENIED**;

**IT IS FURTHER ORDERED** that, as explained in this court's previous ruling, the plaintiff must submit an amended complaint, setting forth his Medicaid discrimination claim, within fifteen (15) days of the issuance of this Memorandum Order. Failure to do so will result in dismissal under Fed. R. Civ. P. 41(b) for failure to comply with a previous court order.

---

[7] Mot. for Reconsideration at p. 1.

Lake Charles, Louisiana, this __3__ day of ___August___, 2013.

                                              PATRICIA MINALDI
                                              UNITED STATES DISTRICT JUDGE