RECEIVED
IN LAKE CHARLES, LA.

FEB 20 2014

TONY R. MO___ CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAKE M. THURMAN | * | CIVIL ACTION NO. 2:12-CV-2426 |
| Plaintiff | * | |
| V. | * | JUDGE MINALDI |
| LOUISIANA DEPARTMENT OF HEALTH & HOSPITALS, ET AL. | * | MAGISTRATE JUDGE KAY |
| Defendants | * | |

*********************************************************************

## MEMORANDUM RULING

Before the court is the Defendants' Motion to Dismiss [Doc. 35], filed by the Louisiana Department of Health and Hospitals (LDHH), Louisiana State University Health Care Services Division (LSUHCS), as W.O. Moss Regional Medical Center, and Dr. Carlos Choucino (defendants), to which the plaintiff has filed an Opposition [Doc. 39]. For the following reasons, the defendants' Motion to Dismiss [Doc. 35] be and hereby is **GRANTED**, and all of the plaintiffs' claims against LDHH, LSUHCS, and Dr. Carlos Choucino be and hereby are **DISMISSED WITH PREJUDICE**.

## FACTS & PROCEDURAL HISTORY

The plaintiff is a fifty-year-old man with a variety of health problems who currently has no income.[1] The plaintiff filed suit in federal court on September 14, 2012, against LDHH, LSUHCS, the Southwest Louisiana AIDS Council (SLAC), and Dr. Carlos Choucino.[2] It should be noted at the outset that, as the plaintiff is proceeding *pro se*, he is entitled to a liberal

---

[1] Compl. [Doc. 1], at 2.
[2] *Id.* at 1.

1

construction of his briefs and pleadings. *Morris v. Livingston*, No. 12-50848, 2014 U.S. App. LEXIS 557, at *33-34 (5th Cir. Jan 10, 2014) (citations omitted).

The plaintiff's chief complaint is rooted in his having been denied Medicaid benefits. On July 26, 2011, the plaintiff filed a complaint with the Department of Health and Human Services (HHS) Office for Civil Rights (OCR) against the defendants for "lack of medical treatment, no access to medical treatment and discrimination."[3] On April 4, 2012, OCR sent a letter to the plaintiff, advising him that OCR was without authority to investigate his complaint against the Social Security Administration (SSA).[4] In a subsequent letter, however, OCR stated that the plaintiff's previous letter from February, 2012, "may involve age discrimination."[5] Per OCR regulations, the plaintiff's complaint was referred by OCR to the Federal Mediation and Conciliation Service (FMCR).[6]

Although no supporting documentation has been submitted, the plaintiff alleges that the federal mediation process took place on June 12, 2012.[7] During the mediation, the plaintiff indicated that he was in "dire need of healthcare and medications," as he is positive for HIV/AIDS and has not been treated for several years.[8] The plaintiff also noted that he has been denied the provision of Medicaid on three prior occasions, and he further alleges that no reason has been provided to him for the denials.[9] In his Amended Complaint, the plaintiff indicated that he was simply informed that he "is not eligible for Medicaid coverage because the Medical

---

[3] Compl. [Doc. 1], at 1.
[4] Letter from Ralph D. Rouse, Regional Manager at HHS OCR, to Jake Thurman, Apr. 4, 2012 [Doc. 1-1], at 12.
[5] Letter from Ralph D. Rouse, Regional Manager at HHS OCR, to Jake Thurman, Apr. 5, 2012 [Doc. 1-2], at 1.
[6] *Id.*
[7] Compl. [Doc. 1], at 1.
[8] *Id.* at 2.
[9] *Id.*

Eligibility Determinations Team has decided that [he is] not disabled."[10] Having not received a favorable outcome from the mediation process, the plaintiff filed suit.

The defendants filed a Motion to Dismiss [Doc. 11], seeking the dismissal of all of the plaintiff's claims. The plaintiff's medical malpractice claims were dismissed without prejudice as premature, as the plaintiff had failed to submit his claim to a medical review panel before filing suit as required by the Medical Liability for State Services Act, LA. REV. STAT. ANN. § 40:1299.39, *et seq.*[11] The court declined at that time to consider the merits of the plaintiff's discrimination claim, instead requesting a more definite statement from the plaintiff detailing both his discrimination claim and his associated theories of recovery.[12]

The plaintiff thereafter filed an Amended Complaint [Doc. 34], seeking recovery under Section 504 of the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, the Age Discrimination Act of 1975, Title VI of the Civil Rights Act of 1964, and 42 U.S.C. § 1983.[13] The plaintiff requests $300,000.00 in damages, and other miscellaneous relief.[14]

The defendants thereafter filed the instant Motion to Dismiss [Doc. 35], seeking the dismissal of all of the plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The plaintiff has filed a Response [Doc. 39].

## LAW & ANALYSIS

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. PRO. 8(a). Dismissal under Federal Rule of Civil Procedure 12(b)(6) is appropriate when the plaintiff has failed to state a legally cognizable claim. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). "[A]

---

[10] Am. Compl. [Doc. 34], at 1.
[11] Memo. Ruling [Doc. 22], at 10.
[12] *Id.*
[13] Am. Compl. [Doc. 34], at 11.
[14] *See id.*

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (*citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The court must accept all well-pleaded facts as true, "viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citations omitted).

In assessing a 12(b)(6) Motion to Dismiss, the court is limited to consideration of the pleadings themselves and any attachments thereto. *Frontline Petroleum Training Sys., L.L.C. v. Premier Safety Mgmt.*, No. 6:13-cv-1259, 2013 U.S. Dist. LEXIS 177106, at *6 (W.D. La. Nov. 13, 2013) (*citing Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)). Although "detailed factual allegations" are not required, a complaint must set forth more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). The plaintiff must allege facts that raise the right to relief "above the speculative level." *Id.* (citations omitted). In order to survive a motion to dismiss, the plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Id.* at 548. There must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted).

### THE PLAINTIFF'S CLAIMS UNDER THE REHABILITATION ACT AND THE AMERICANS WITH DISABILITIES ACT

The Rehabilitation Act states, in pertinent part, that "[n]o otherwise qualified individual with a disability in the United States . . . shall, solely by reason of her or his disability, be . . . subjected to discrimination under any program or activity receiving Federal financial assistance."

29 U.S.C. §749(a). Title II of the Americans with Disabilities Act (ADA) states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Thus, "Title II of the ADA focuses on disability discrimination in the provision of public services . . . [and] Section 504 of the Rehabilitation Act prohibits disability discrimination by recipients of federal funding." *I.A. v. Seguin Indep. Sch. Dist.*, 881 F. Supp. 2d 770, 776 (W.D. Tex. Jul. 24, 2012) (citations omitted).

"The language of Title II [of the ADA] generally tracks the language of Section 504 of the Rehabilitation Act of 1973; in fact, the statute specifically provides that 'the remedies, procedures and rights' available under Section 504 shall be the same as those available under Title II." *Labit v. Landry*, No. 6:11-cv-0574, 2012 U.S. Dist. LEXIS 58686, at *29 (W.D. La. Mar. 27, 2012) (*citing Hunnicutt v. Watkin*, No. 3:10-cv-0618-L-BH, 2010 U.S. Dist. LEXIS 51424, at *2 (N.D. Tex. Apr. 28, 2010) (additional citations omitted)). As the Fifth Circuit has "equated liability standards under § 504 [of the Rehabilitation Act] and the ADA," it is appropriate to address these two claims simultaneously. *See D.A. v. Houston Indep. Sch. Dist.*, 629 F.3d 450, 453 (5th Cir. 2010) (*citing Hainze v. Richards*, 207 F.3d 795, 799 (5th Cir. 2000); *Pace v. Bogalusa City Sch. Bd.*, 403 F.3d 272 (5th Cir. 2005) (en banc)).

> Under both the ADA and the Rehabilitation Act, a plaintiff must demonstrate that: (1) he is a qualified individual with a disability; (2) he was excluded from participation in, or denied benefits of, services, programs, or activities by a public entity; and (3) that such exclusion, denial of benefits, or discrimination was by reason of his disability.

*Labit*, 2012 U.S. Dist. LEXIS 58686, at *29 (citation omitted). In addition, intentional discrimination must be shown in order to recover compensatory damages under both the ADA

5

and the Rehabilitation Act. *Id.* at *30-31 (citations omitted). *See also Rodriguez v. Muzyka*, No. 13-20091, 2013 U.S. App. LEXIS 20892, at *4 (5th Cir. 20013).

Addressing the third element first, the problem in the instant case is that the plaintiff has not sufficiently alleged facts from which one could conclude that the denial of Medicaid benefits was the result of discrimination based on his disability. In *Tuft v. Texas*, 410 Fed. Appx. 770 (5th Cir. 2011), the Fifth Circuit held that the district court had properly granted summary judgment in favor of the defendant where the plaintiff-prisoner failed to properly tie his denial of services to the alleged discrimination on the part of the defendant. The court therein stated that,

> even assuming [that the plaintiff] is a "qualified individual with a disability" and the provision of showers is one of the "services, programs, or activities" of the TDCJ [Texas Department of Criminal Justice] . . . the crowded conditions of the showers did not constitute an ADA violation because there is no evidence he was discriminated against in his use of prison showers *by reason of his disability.*

*Id.* at 775 (*citing Lightbourn v. Cnty. of El Paso*, 118 F.3d 421, 428 (5th Cir. 1997)) (emphasis added). Also, in *Hay v. Thaler*, 470 Fed. Appx. 411 (5th Cir. 2012), the plaintiff filed suit under the Rehabilitation Act and the ADA against the TDCJ, among others, alleging that he had several disabilities and chronic diseases, as well as a lack of natural teeth, and that he had been denied the provision of dentures by the TDCJ. *Id.* at 413, 418. The Fifth Circuit held that the district court properly dismissed the plaintiff's claims under the Rehabilitation Act and the ADA because he failed to claim "that this alleged discrimination was by reason of his disabilities, and such a claim [was] not supported by any evidence in the record." *Id.* at 418 (*citing Hale v. King*, 642 F.3d 492, 499 (5th Cir. 2011); *Tuft*, 410 Fed. Appx. at 775).

Similarly, under these circumstances, the plaintiff has failed to raise his right to relief "above the speculative level" as is required to survive a Motion to Dismiss for Failure to State a claim. *See Twombly*, 550 U.S. at 555. There must be some "indication that [the plaintiff] was

6

treated differently because of his disability." *Nottingham v. Richardson*, 499 Fed. Appx. 368, 377 (5th Cir. 2012). The plaintiff claims that "Medicaid and its employees have discriminated against [the plaintiff] by refusing to allow [him] to participate in the program and have treated [him] differently from others."[15] To hold that a denial of Medicaid benefits alone, without more, necessarily equates to a finding of discrimination would have the absurd result of entitling every individual who is denied Medicaid benefits under the current statutory scheme to a cause of action under the ADA and the Rehabilitation Act.

Furthermore, the plaintiff has not demonstrated that he is a "qualified individual" such that he is entitled to relief. For instance, in *Sanders v. Kansas Department of Social & Rehabilitation Services*, 317 F. Supp. 2d 1233 (D. Kan. 2004), the court granted the defendant's Rule 12(b)(6) Motion because the plaintiff made no contention that he in fact met the essential eligibility requirements for benefits; as such, he could not make a showing that he was a qualified individual. *Id.* at 1245-46. Likewise, the plaintiff herein clearly states that "[i]n each of Medicaid's denials, no where [sic] does it state that [he] was being denied on the basis of age, sex or type of disability."[16] The plaintiff further acknowledges that "if they had thought that [he] was disabled then [he] would be receiving Medicaid benefits today. They even invited [him] back to reapply if [his] condition got worse."[17] As the plaintiff acknowledges that he is not eligible for the benefits he seeks, and thus is not a "qualified individual" such that he would be entitled to relief, the defendants' Motion must be granted as to the plaintiff's claims under the ADA and the Rehabilitation Act. Accordingly,

---

[15] Resp. to Def's. Mot. to Dismiss Am. Compl. [Doc. 39], at 6.
[16] *Id.* at 4.
[17] *Id.*

7

**IT IS ORDERED** that the Defendants' Motion to Dismiss [Doc. 35] be and hereby is **GRANTED** as to the plaintiff's claims under the Rehabilitation Act and the ADA.

### THE PLAINTIFF'S CLAIMS UNDER THE AGE DISCRIMINATION ACT

The Age Discrimination Act (the Act) provides that "no person in the United States shall, on the basis of age, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under, any program or activity receiving Federal financial assistance." 42 U.S.C. § 6102. "At a minimum, [a claim under the Act] requires a showing that defendants discriminated against [the plaintiff] on the basis of [his] age." *Alexander v. Newellton Elem. Sch.*, No. 07-1608, 2008 U.S. Dist. LEXIS 110897, at *15 (W.D. La. Jul. 21, 2008) (*citing Wheat v. Mass*, 994 F.2d 273, 276-77 (5th Cir. 1993)). As already stated, the plaintiff has failed to sufficiently plead facts which would support a finding of discrimination. Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss [Doc. 35] be and hereby is **GRANTED** as to the plaintiff's claims under the Age Discrimination Act.

### THE PLAINTIFF'S CLAIMS UNDER TITLE VI OF THE CIVIL RIGHTS ACT OF 1964

"Title VI of the Civil Rights Act of 1964 prohibits discrimination in programs or activities receiving federal assistance, and only permits suits against public or private entities receiving funds." *Wells v. Magnolia Woods Elem. Sch.*, No. 11-603-JJB-DLD, 2012 U.S. Dist. LEXIS 178825, at *6 (M.D. La. Nov. 8, 2012) (*citing* 42 U.S.C.A. § 2000d). Similar to the aforementioned claims, a prima facie showing under Title VI requires that the plaintiff prove discrimination on the basis of race, color, or national origin. *See* 42 U.S.C.S. § 2000d; *Wells*, 2012 U.S. Dist. LEXIS 178825, at *6-7 (*citing Washington v. Jackson State Univ.*, 532 F. Supp. 2d 804, 810 (S.D. Miss. 2006)). Again, as the plaintiff's Amended Complaint has not set forth enough facts to state a claim for relief that is plausible on its face in this regard,

8

**IT IS ORDERED** that the Defendants' Motion to Dismiss [Doc. 35] be and hereby is **GRANTED** as to the plaintiff's claim under Title VI of the Civil Rights Act of 1964.

### THE PLAINTIFF'S CLAIMS UNDER 42 U.S.C. § 1983

The plaintiff also makes a claim pursuant to 42 U.S.C. § 1983, which states that "[e]very person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen . . .to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. The Fifth Circuit recently affirmed that enforcement of the Medicaid Act may be pursued under 42 U.S.C. § 1983. *See Romano v. Greenstein*, 721 F.3d 373, 377 n.20 (5th Cir. 2013) (citations omitted).

"To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Anderson v. Louisiana*, No. 10-1448, 2011 U.S. Dist. LEXIS 93025, at *14-15 (W.D. La. Jul. 11, 2011) (*citing Leffall v. Dallas Indep. Sch. Dist.*, 28 F.3d 521, 525 (5th Cir. 1994)). To successfully plead such an action, the plaintiff "must establish that the defendant was either personally involved in the deprivation or that his wrongful actions were causally connected to the deprivation." *Id.* at *15 (*citing James v. Texas Collin Cnty.*, 535 F.3d 365, 373 (5th Cir. 2008)). "Thus, a successful § 1983 claim 'must enunciate a set of facts that illustrate the defendants' participation in the wrong alleged.'" *Id.* (*citing Jacquez v. Procunier*, 801 F.2d 789, 793 (5th Cir. 1986)).

The defendants argue that, since 42 U.S.C. § 1983 claims may only be asserted against "persons," and the plaintiff's Amended Complaint fails to name a specific person who violated his Constitutional rights under color of state law, his claim ultimately must fail.[18] In response, the plaintiff argues that the reason that no person has been set forth in the Amended Complaint is

---

[18] Memo. in Supp. [Doc. 35-2], at 5.

9

because he has been unable to ascertain the names of the particular individuals who were responsible for his denial of Medicaid.[19] However, neither of these arguments addresses the crux of the flaw with the plaintiff's Amended Complaint—namely, that it fails to "enunciate a set of facts that illustrate the defendants' participation in the wrong alleged." *Anderson*, 2011 U.S. Dist. LEXIS 93025, at *14-15 (citation omitted). The plaintiff's Amended Complaint has failed to show that any discrimination occurred at all. Also, as the plaintiff has not demonstrated that he is eligible for Medicaid benefits, he has made no showing that his rights were in any way violated. Accordingly,

**IT IS ORDERED** that the Defendants' Motion to Dismiss [Doc. 35] be and hereby is **GRANTED** as to plaintiff's claim under 42 U.S.C. § 1983.

While dismissals of *pro se* complaints under Rule 12(b)(6) are generally disfavored, and a *pro se* party should be granted "every reasonable opportunity to amend," *see Pena v. United States*, 157 F.3d 984, 987 n.3 (5th Cir. 1998) (citations omitted), the plaintiff herein has already been given the opportunity to amend his original complaint. Moreover, "[a] district court is not required to give a *pro se* plaintiff repeated opportunities to amend his complaint or explain the basis of his pleadings." *Hines v. Graham*, 320 F. Supp. 2d 511, 529 (N.D. Tex. 2004) (*citing Marcias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 98 n.5 (5th Cir. 1994)). As the court here is not inclined to believe that the granting to the plaintiff of further opportunities to amend his complaint would be likely to ultimately result in the setting forth of factual allegations that would state a cognizable claim to relief, and for the reasons set forth above,

**IT IS ORDERED** that all of the plaintiff's claims against LDHH, LSUHCS, and Dr. Carlos Choucino be and hereby are **DISMISSED WITH PREJUDICE.**

Lake Charles, Louisiana, this 13 day of February, 2014.

---

[19] Resp. to Def's. Mot. to Dismiss Am. Compl. [Doc. 39], at 3.

10

_____
PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE